# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHNNY KASH BRYANT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 17-CV-0468-CVE-JFJ |
| | ) | |
| JANET DOWLING, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Petitioner Johnny Kash Bryant, a state inmate appearing pro se, filed an amended 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 10), seeking federal habeas relief from the judgment and sentence entered against him in the District Court of Tulsa County, Case No. CF-2012-297. Before the Court is respondent's motion to dismiss (Dkt. # 17) the amended petition as time-barred under 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. Respondent filed a brief in support of the motion to dismiss (Dkt. # 18), and petitioner filed a response (Dkt. # 21). For the reasons that follow, the Court denies respondent's motion to dismiss the amended petition as time-barred and directs respondent to file an answer responding to the allegations in the amended petition.

### I.  Background

####    A.  State court proceedings

A jury found petitioner guilty, in the District Court of Tulsa County, Case No. CF-2012-297, of one count of lewd molestation, in violation of OKLA. STAT. tit. 21, § 1123 (2011). Dkt. # 10, at

1-2; Dkt. # 18-1, at 1.[1]  Consistent with the jury's recommendations, the trial court sentenced petitioner to serve 99 years in prison and imposed a $10,000 fine.[2]  Dkt. # 18-1, at 1.

Represented by counsel, petitioner filed a timely direct appeal.  Id.; Dkt. # 10, at 2.  In an unpublished summary opinion filed September 10, 2014, in Case No. F-2013-805, the Oklahoma Court of Criminal Appeals (OCCA) affirmed petitioner's conviction and sentence.  Dkt. # 18-1, Bryant v. State, No. F-2013-805 (Okla. Crim. App. 2014) (unpublished), at 1-5.  Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.  Dkt. # 18, at 1.

Petitioner filed his first application for post-conviction relief in state district court on June 18, 2015.  Dkt. # 18, at 2; Dkt. # 21, at 2.  The state district court denied his application on August 2, 2016.  Dkt. # 18-2, at 1.  Petitioner timely filed a notice of intent to appeal, but filed his petition-in-error seven days late, on September 8, 2016.  Dkt. # 18-3, Bryant v. State, No. PC-2016-816 (Okla. Crim. App. 2016) (unpublished), at 4.  As a result, the OCCA issued an order on December 14, 2016, declining jurisdiction and dismissing his post-conviction appeal.  Id. at 1, 4.

Two weeks later, on December 28, 2016, petitioner filed a second application for post-conviction relief in state district court, seeking permission to file a post-conviction appeal out of time.  Dkt. # 18-4, at 1, 5.  By order filed February 27, 2017, the state district court found that petitioner "attempted to timely file his petition in error" to appeal the denial of his first application for post-conviction relief, "but it was erroneously mailed to the District Court" rather than the OCCA.  Id. at 6.  The state district court further found that petitioner's post-conviction appeal from

---

[1]  For consistency, the Court's record citations refer to the CM/ECF header page number located in the upper right-hand corner of each document.

[2]  Under Oklahoma law, petitioner must serve 85% of his sentence before he will be eligible for parole.  OKLA. STAT. tit. 21, § 13.1.

2

the denial of his first application for post-conviction relief "would have been timely had it been mailed to the correct courthouse." Id. Based on these findings, the state district court further found that petitioner had been "denied a post-conviction appeal through no fault of his own" and therefore granted petitioner's request for a recommendation that he be permitted to file an out-of-time post-conviction appeal. Id. In an unpublished order filed March 31, 2017, in Case No. PC-2017-256, the OCCA adopted the state district court's recommendation and granted petitioner's request to file an out-of-time post-conviction appeal. Dkt. # 18-5, Bryant v. State, No. PC-2017-256 (Okla. Crim. App. 2017) (unpublished), at 1-2. Petitioner timely perfected that appeal. Dkt. # 18-6, Bryant v. State, No. PC-2017-379 (Okla. Crim. App. 2017) (unpublished), at 1. By order filed June 21, 2017, the OCCA affirmed the state district court's decision denying petitioner's first application for post-conviction relief. Id. at 1-5.

Petitioner filed a third application for post-conviction relief on August 8, 2017. Dkt. # 18-7, at 1. By order filed August 23, 2017, the state district court denied petitioner's application. Id. at 1-7. Petitioner timely appealed, and, by order filed November 21, 2017, in Case No. PC-2017-941, the OCCA affirmed the state district court's decision. Dkt. # 18-8, Bryant v. State, No. PC-2017-941 (Okla. Crim. App. 2017) (unpublished), at 1-3.

**B.     Federal court proceedings**

On August 16, 2017, while petitioner's third application for post-conviction relief was pending in state district court, petitioner commenced this federal habeas action by filing a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1) and a motion to stay (Dkt. # 2). By order filed August 24, 2017 (Dkt. # 3), the Court denied petitioner's request for a stay and directed petitioner

to either pay the filing fee or seek leave to proceed without prepayment. He paid the filing fee on September 18, 2017. Dkt. # 5.

On December 6, 2017, petitioner filed a motion to amend or supplement his habeas petition (Dkt. # 6), along with a proposed amended petition. By order filed August 3, 2018 (Dkt. # 9) the Court granted petitioner leave to file an amended petition, directed the Clerk of Court to file petitioner's proposed amended petition as of the date it was submitted, and declared moot the original habeas petition. The Clerk of Court docketed the amended petition (Dkt. # 10) as filed on December 6, 2017. In a separate order, filed August 6, 2018 (Dkt. # 11), the Court directed respondent to show cause why the writ should not issue.

In response to the Court's show cause order, respondent filed a motion to dismiss the amended petition as time-barred under 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations (Dkt. # 17), along with a supporting brief (Dkt. # 18). Petitioner filed a timely response (Dkt. # 21).

**II.     Analysis**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), state prisoners generally have one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file a § 2254 petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).[3] The one-year limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2). But only applications that are

---

[3] The one-year limitation period may also commence at a later date under 28 U.S.C. § 2244(d)(1)(B), (C), or (D). However, neither party suggests petitioner's one-year period commenced under any of these alternative provisions. Thus, the Court confines its analysis to § 2244(d)(1)(A).

4

"properly filed" in state court before the one-year period expires will support statutory tolling. Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006). Because the AEDPA's statute of limitations is not jurisdictional, the one-year limitation period also may be tolled for equitable reasons. Holland v. Florida, 560 U.S. 631, 645 (2010). And, in rare cases, the untimeliness of a petition may be excused if the petitioner presents a credible claim of actual innocence. McQuiggin v. Perkins, 569 U.S. 383, 386, 392 (2013).

Respondent contends the amended petition is untimely under § 2244(d)(1)(A). Dkt. # 18, at 2. In respondent's view, petitioner's conviction became final on December 19, 2014, and, with the benefit of statutory tolling, petitioner's one-year limitation period expired on November 28, 2017. Id. at 1-4. Thus, respondent argues, the amended petition filed December 4, 2017,[4] was filed six days too late. Id. at 3-4. Respondent further argues that petitioner is not entitled to equitable tolling because he has not cited "new reliable evidence of actual innocence." Id.

In response to the motion to dismiss, petitioner contends that (1) that respondent has incorrectly determined the "facts" relating to the timeliness of his habeas petition and (2) that he is entitled to equitable tolling because (a) he mistakenly filed his first post-conviction appeal in the wrong court but otherwise diligently pursued his federal claims and (b) he has consistently asserted that he is actually innocent. Dkt. # 21, at 1-6.

---

[4] As previously stated, the Clerk of Court docketed the amended petition (Dkt. # 10) as being filed on December 6, 2017, the date it was received in the clerk's office. However, the Court agrees with respondent that the amended petition should be deemed filed on December 4, 2017, the date petitioner placed the amended petition in the prison's legal mailing system with appropriate postage affixed. Dkt. # 10, at 35; Dkt. # 10-1, at 103; Dkt. # 18, at 4; see Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a pro se prisoner's pleading is filed as of date prisoner places pleading in prison's legal mailing system for forwarding to court clerk).

5

### A. The amended petition is timely under § 2244(d)(1)(A).

In its order granting petitioner leave to file an amended petition this Court found that petitioner filed both his original and amended habeas petitions before his one-year limitation period expired. Dkt. # 9, at 3. Based on that finding, coupled with the fact that the Court had not yet ordered a responsive pleading, the Court granted petitioner leave to file an amended petition and declared moot the original petition. Id. at 3-4. Following review of respondent's brief in support of the motion to dismiss the amended petition, petitioner's response, and additional materials submitted by each party, the Court finds it erred, in some respects, in calculating petitioner's one-year limitation period. Nevertheless, on reexamination, the Court reaffirms its conclusion that both the original petition, filed August 16, 2017, and the amended petition, filed December 4, 2017, are timely.[5]

#### 1. Petitioner's conviction became final on December 9, 2014.

As an initial matter, the parties disagree as to when petitioner's conviction became final under § 2244(d)(1)(A). Under that provision, a state-court judgment is final either (1) at the conclusion of direct review or (2) when the time for seeking direct review expires. Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). Thus, "[f]or petitioners who pursue direct review all the way to [the United States Supreme Court], the judgment becomes final at the 'conclusion of direct review'—when [the Supreme Court] affirms a conviction on the merits or denies a petition for certiorari." Id. And, "[f]or all other petitioners, the judgment becomes final at the 'expiration of the

---

[5] Respondent does not appear to contest the timeliness of the original habeas petition. Dkt. # 18, at 1-5. Indeed, it is not apparent from respondent's five-page supporting brief that respondent is even aware that petitioner filed an original habeas petition in August 2017 or that the Court granted petitioner leave to file an amended petition. Id. Rather, respondent's entire analysis centers on the timeliness of the amended petition. Id.

time for seeking such review'—when the time for pursuing direct review in [the Supreme Court], or in state court, expires." Id.

Following his conviction, petitioner pursued a timely direct appeal, and the OCCA affirmed his judgment and sentence on September 10, 2014. Dkt. # 18-1, at 1. Petitioner then had 90 days, or until December 9, 2014, to seek further direct review by filing a petition for writ of certiorari in the Supreme Court. See Sup. Ct. R. 13.1 (requiring petitioner to file petition for writ of certiorari "within 90 days after entry of the judgment"); FED. R. CIV. P. 6(a)(1)(A) (providing for exclusion of day that triggers a time period stated in days). Because petitioner did not file a petition for writ of certiorari, his state-court judgment became final on December 9, 2014, when his time to do so expired. Gonzalez, 565 U.S. at 150; Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001).

Respondent correctly notes that petitioner's one-year limitation period did not commence until expiration of the 90-day period, but incorrectly identifies the date petitioner's conviction became final as December 19, 2014. Dkt. # 18, at 1-2.[6] For his part, petitioner contends his 90-day period did not begin to run until 20 days after the OCCA filed its summary opinion affirming his conviction because the OCCA's rules "mandate" that the OCCA's decision is not final until "after the twenty (20) day time period for seeking rehearing." Dkt. # 21, at 2; see Rule 3.14(D), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2019) ("If a petition for rehearing is not filed within twenty (20) days, the decision shall be final."). Notably, the Supreme Court in Gonzalez rejected the argument that state rules regarding issuance of the mandate have any bearing on when a conviction becomes final under § 2244(d)(1)(A). Gonzalez, 565 U.S. at 151-53.

---

[6] In its prior order, the Court also incorrectly identified the date petitioner's conviction became final as December 11, 2014. Dkt. # 9, at 3.

In short, neither party correctly identifies the commencement date for petitioner's one-year limitation period. Under § 2244(d)(1)(A), petitioner's conviction became final on December 9, 2014, his one-year limitation period commenced the next day, on December 10, 2014, and, absent statutory tolling, it would have expired on December 10, 2015. See Harris v. Dinwiddie, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (applying FED. R. CIV. P. 6(a) and anniversary method to compute AEDPA one-year limitation period).

## 2. Petitioner is entitled to three periods of statutory tolling.

Respondent further contends that, even with the benefit of statutory tolling, the amended petition is time-barred. Dkt. # 18, at 2-3. The Court finds petitioner is entitled to three periods of statutory tolling.

### a. June 18, 2015, through September 1, 2016

It is undisputed that petitioner filed his first application for post-conviction relief on June 18, 2015. Dkt. # 18, at 2; Dkt. # 21, at 2. Because this date fell within petitioner's one-year limitation period, the time was tolled as of June 18, 2015, with 175 days remaining. It is also undisputed that the state district court denied petitioner's first application for post-conviction relief on August 2, 2016. Dkt. # 18, at 2; Dkt. # 21, at 2; see Dkt. # 18-2, at 1 (state district court order denying relief). Under state law, petitioner had 30 days, or until September 1, 2016, to perfect a post-conviction appeal, and the parties agree that he failed to do so. Dkt. # 18, at 2; Dkt. # 21, at 2; see Dkt. # 18-3, at 4 (OCCA order dismissing post-conviction appeal as untimely).

The parties disagree, however, on the end date for the tolling period. Respondent contends that because the OCCA dismissed petitioner's post-conviction appeal as untimely, the appeal was not "properly filed" and, therefore, petitioner's one-year limitation period began to run again on

August 2, 2016, the date the state district court denied his application for post-conviction relief. Dkt. # 18, at 2; see 28 U.S.C. § 2244(d)(2) (tolling time for "properly filed" applications for state post-conviction relief or other collateral review). Petitioner counters that he is entitled to "equitable tolling" until September 2, 2016, because he timely attempted to perfect his post-conviction appeal but mistakenly filed his petition-in-error in the state district court, and the state district court delayed sending the misdirected filing to the OCCA after he notified the state district court that it was filed in the wrong court. Dkt. # 21, at 3.

Both arguments are flawed, but the Court finds that petitioner is entitled to statutory tolling until September 1, 2016, the date his 30-day period to perfect a post-conviction appeal expired. A state prisoner is entitled to statutory tolling during the time he could file a post-conviction appeal, regardless of whether the prisoner pursues a post-conviction appeal or fails in his attempt to do so. Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000). Petitioner is thus entitled to statutory tolling (and need not rely on equitable tolling), for the 30-day period from August 2, 2016, through September 1, 2016, while his first application for post-conviction relief remained pending, even though the OCCA ultimately dismissed his post-conviction appeal as untimely.

### b. December 28, 2016, through June 21, 2017

Petitioner's one-year limitation period began to run again on September 2, 2016. At that time, he had 175 days remaining to file a timely habeas petition. As respondent concedes, petitioner stopped the clock on December 28, 2016, when he filed a second application for post-conviction relief seeking an out-of-time post-conviction appeal. Dkt. # 18, at 2; Dkt. # 18-4, at 1. Thus, petitioner stopped the clock after 117 days passed.

9

Respondent does not dispute that the second application remained pending until June 21, 2017, the date the OCCA affirmed the denial of petitioner's first application for post-conviction relief. Dkt. # 18, at 2-3; see Dkt. # 18-6, at 1 (OCCA order affirming denial of first application for post-conviction relief after having granted leave to file post-conviction appeal out of time). Petitioner's one-year period thus began to run again on June 22, 2017, with 58 days remaining.[7]

### c.   August 8, 2017, through November 21, 2017

Finally, respondent acknowledges that petitioner filed a third application for post-conviction relief on August 8, 2017. Dkt. # 18, at 3. Respondent contends that the third application remained pending until November 21, 2017, with seven days left for petitioner to file a timely federal habeas petition and, that the amended petition, filed December 4, 2017, was filed six days after the limitation period expired on November 28, 2017. Id. at 3-4.

The Court disagrees. As just discussed, petitioner's one-year limitation period began to run on June 22, 2017, with 58 days remaining, and was tolled on August 8, 2017, after 47 days passed. His time began to run again on November 22, 2017, the day after the OCCA filed its order affirming the denial of his third application for post-conviction relief. At that time, petitioner had 11 days remaining, or until December 2, 2017, to file a timely habeas petition. However, because December 2, 2017, fell on a Saturday, his AEDPA deadline would have expired on the following Monday,

---

[7]   In its prior order, the Court mistakenly determined that the one-year limitation period remained tolled for all but 14 days between June 18, 2015, and June 21, 2017, leaving petitioner with 162 days to file a timely habeas petition. See Dkt. # 9, at 3-4 & n.2. See Gibson, 232 F.3d at 804 (rejecting petitioner's argument that "because the state appellate court allowed his [post-conviction] appeal out of time," he should receive statutory tolling for "the entire period between his initial filing for post-conviction relief and the state appellate court's final denial, including the period between the expiration of his time to appeal and his filing of a motion for leave to appeal out of time").

December 4, 2017. See FED. R. CIV. P. 6(a)(1)(C) (providing if the last day of a time period stated in days "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). As Respondent concedes, petitioner filed his amended petition on December 4, 2017, the last day he could file a timely petition. Dkt. # 18, at 3.[8]

### 3. Conclusion

Based on the foregoing analysis, the Court concludes that petitioner's amended habeas petition is timely. The Court therefore denies respondent's motion to dismiss the amended petition and directs respondent respond to the allegations in the amended petition.

### B. Respondent shall file an answer to the amended petition.

Within thirty (30) days of the entry of this order, respondent's counsel shall prepare an answer to the amended petition in accordance with Rule 5, Rules Governing Section 2254 Cases in the United States District Courts. As required by Rule 5(b), the answer "must address the allegations in the petition" and "state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, [or] non-retroactivity." Respondent must also submit with the answer copies of relevant transcripts, briefs and opinions from trial, appellate and post-conviction

---

[8] As previously stated, Respondent not only miscalculates petitioner's one-year limitation period, but also ignores the fact that petitioner filed his original habeas petition on August 8, 2017, well before his one-year period expired on December 4, 2017. Because the amended petition is timely, the Court finds it unnecessary to analyze whether the claims in the amended petition would nevertheless relate back to the claims asserted in the original petition. See Mayle v. Felix, 545 U.S. 644, 650 (2005) (discussing FED. R. CIV. P. 15(c)'s application in federal habeas proceeding and determining that "[a]n amended habeas petition . . . does not relate back (and, thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth").

proceedings in state court, as provided in Rule 5(c) and (d), unless respondent has previously submitted the same.

As permitted by Rule 5(e), petitioner may file a reply brief within thirty (30) days after the filing of respondent's answer.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss (Dkt. # 17) is **denied**.

2. Within thirty (30) days of the entry of this order, respondent shall file an answer to the amended petition, in accordance with Rule 5, Rules Governing Section 2254 Cases in the United States District Courts. Extensions of time will be granted for good cause only.

3. Petitioner may file a reply brief within thirty (30) days after the filing of respondent's answer.

**DATED** this 23rd day of July, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE